UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURT KELLINGER, | Civ. No. 2:12-05723 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| CITY OF ENGLEWOOD, *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Curt Kellinger asserts claims under 42 U.S.C. § 1983 and various state laws, alleging, *inter alia*, that Defendant Englewood Municipal Court Judge James E. Dow, Jr. exceeded his authority when he sentenced Kellinger to ten days in jail for two traffic offenses. Judge Dow argues that he is immune from suit, and he moves to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Judge Dow's motion to dismiss is **GRANTED**.

The Complaint states as follows: On September 16, 2010, Curt Kellinger was driving in the City of Englewood, New Jersey when he was issued two summonses by off-duty Englewood Police Officer Lynn Gladstone. Compl. ¶¶ 11, 25, ECF No. 1. One summons was for improper passing on the left, in violation of N.J.S.A. 39:4-85, and the other summons was for failing to yield to a pedestrian, in violation of N.J.S.A. 39:4-36. *Id.* ¶ 25. Roughly one year later, on July 19, 2011, Kellinger went to trial on both summonses before Judge Dow in Englewood Municipal Court. *Id.* ¶ 26. Kellinger lost. *Id.* ¶ 27. He was fined $200.00, his license was suspended, and he was sentenced to ten days in jail. *Id.* "In determining the sentence [Judge] Dow indicated on the record that [Kellinger] should have been charged with "eluding," and that was part of the basis for the imposition of [the] sentence." *Id.* ¶ 30. A Superior Court judge subsequently determined that an incarceratory term was "unavailable as a form of punishment" for improper passing on the left and failing to yield to a pedestrian. *Id.* ¶ 33. Accordingly, the Superior Court Judge ordered that Kellinger's jail sentence be expunged. *Id.* ¶ 34. Hoping to recover money damages, Kellinger brought the instant suit against Judge Dow and others under 42 U.S.C. § 1983 and various state laws. Judge Dow moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that he is immune from suit under the doctrine of judicial immunity.

1

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Kellinger attached to his sur-opposition brief a transcript of his trial and sentencing. *See* ECF No. 13-1. Because the Complaint is based on the events memorialized in the transcript, and because the transcript is a public record, the Court will consider the transcript for purposes of the instant motion.

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359. Judicial immunity extends to municipal court judges. *Figueroa*, 208 F.3d at 440-43. Judicial immunity also extends to suits brought under 42 U.S.C. § 1983. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11-12. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* In determining whether an act qualifies as a "judicial act," courts looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. "There is, of course, a difference between an act in excess of jurisdiction and one in absence of jurisdiction:

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Figueroa*, 208 F.3d at 444 (quoting *Stump*, 435 U.S. at 357 n. 7). "Generally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Id.* at 443-44. (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

The doctrine of judicial immunity shields Judge Dow from Kellinger's suit. First, in sentencing Kellinger, Judge Dow acted in a "judicial capacity," and he performed a "function normally performed by a judge." *See Waples v. Kearney*, No. 3-722, 2005 WL 724175, at *3 (D. Del. Mar. 29, 2005) ("Waples alleges that Graves violated his constitutional rights by sentencing him to confinement beyond the term prescribed by the Delaware statute. As a Superior Court Judge, Graves was clearly acting in his 'judicial capacity' when he sentenced Waples."). "[O]rdering [Kellinger] to prison was a paradigm judicial act, and that act does not become nonjudicial because it was wrong." *Figueroa*, 208 F.3d at 443. From Kellinger's point of view, Judge Dow acted not as a judge but as a prosecutor when he imposed a sentence based on his view that Kellinger should have been charged with eluding. This Court sees things differently. Judge Dow did not, on his own initiative, go out into the community, investigate Kellinger, and then hail Kellinger into court on charges of eluding. *See Sevier v. Turner*, 742 F.3d 262, 272 (6th Cir. 1984) (judge charged with collecting child support payments acted in a nonjudicial manner when he initiated criminal prosecutions to make fathers pay child support). Instead, Judge Dow convicted Kellinger on two charges that were properly before the Municipal Court. Judge Dow then proceeded to impose an impermissible sentence for those charges. Judge Dow made a mistake, but he made a mistake in his judicial capacity. *See Harris v. Deveaux*, 780 F.2d 911, 914-16 (11th Cir. 1986) (judge acted in his judicial capacity when he initiated charges based on "judicial proceedings brought before him by independent parties").

Second, Judge Dow did not act in the complete absence of all jurisdiction. It is undisputed that Judge Dow had jurisdiction over the traffic offenses with which Kellinger was charged. Accordingly, Judge Dow had "some subject matter jurisdiction," which is usually enough to confer immunity. *See Barnes*, 105 F.3d at 1122. Kellinger nevertheless maintains that Judge Dow acted in the complete absence of jurisdiction when he sentenced Kellinger as if Kellinger had been convicted of eluding—a crime that Kellinger argues cannot be prosecuted in Municipal Court. Pl.'s Br. 20 (citing N.J.S.A. 2B:12-17), ECF No. 10. But it is clear that Municipal Court judges have the power to sentence defendants to terms of imprisonment. *See* 17 Robert Ramsey, N.J. Prac., Municipal Court Practice § 24:15 (3d ed. 2012) ("Municipal court judges have the authority to impose jail sentences as well as fines for motor vehicle violations.") (citing N.J.S.A. 39:4-203). Accordingly, when Judge Dow imposed an impermissible jail sentence, he did not act like the probate judge who tries a criminal case. Instead, he acted like the criminal court judge who convicts a defendant of a non-existent crime.

In his sur-opposition brief, Kellinger argues that Judge Dow acted in the complete absence of jurisdiction because Judge Dow "never provided . . . the basic warnings required in any Court where incarceration is a possible outcome," and because Judge Dow "did not make any findings regarding mitigating or aggravating factors." ECF No.

3

13 at 2.  But the Supreme Court has recognized that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."  *Stump*, 435 U.S. at 359.  This immunity extends to "grave procedural errors" involving due process.  *Id.*

Ultimately, when Judge Dow sentenced Kellinger, Judge Dow performed a judicial act, and Judge Dow did not act in the complete absence of all jurisdiction.  Accordingly, Judge Dow is protected by the doctrine of judicial immunity.  The Court will **GRANT** Judge Dow's motion to dismiss, and it will dismiss the Complaint against Judge Dow **WITH PREJUDICE**.  An appropriate order follows.

      /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 9, 2013**