UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURT KELLINGER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ENGLEWOOD, *et al.*, <br><br> Defendants. | Civ. No. 2:12-05723 (WJM) <br><br><br> **OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

      Plaintiff Curt Kellinger brings claims under 42 U.S.C. § 1983 ("Section 1983") and various state laws, alleging that he was improperly ticketed for traffic offenses and improperly sentenced at trial. Defendants are Englewood Municipal Court Judge James E. Dow, Jr., the City of Englewood, the Englewood Police Department, and Officer Lynn Gladstone. The Court has already found that Judge Dow is immune from suit. Englewood, the Englewood Police Department, and Officer Gladstone now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Officer Gladstone's motion is **GRANTED**, and Englewood's motion is **GRANTED IN PART**, and **DENIED IN PART**.

      On September 16, 2010, off-duty Englewood Police Officer Lynn Gladstone issued two summonses to Kellinger, one for improper passing on the left, in violation of N.J.S.A. 39:4-85, and the other for failing to yield to a pedestrian, in violation of N.J.S.A. 39:4-36. Compl. ¶ 11, 25, ECF No. 1. Contrary to the charges, Kellinger maintains that he passed Officer Gladstone safely on the left, and that there was no pedestrian where Kellinger was driving. *Id.* ¶¶ 20-21. On July 19, 2011, Kellinger went to trial on both summonses before Judge Dow in Englewood Municipal Court. *Id.* ¶ 26. Englewood's lone witness was Officer Gladstone. Trial Transcript, *State of New Jersey v. Kellinger*, No. 00135445/546 (Bergen County Municipal Ct. July 19, 2011), ECF No. 13-1. Officer Gladstone testified that Kellinger improperly passed her on the left and failed to yield to a pedestrian. *Id.* at 9-12. Judge Dow credited Officer Gladstone's testimony and found against Kellinger on both charges. *Id.* at 56-60. Kellinger was fined $200.00, his license was suspended, and he was sentenced to ten days in jail. Compl. ¶ 27. "In determining the sentence [Judge] Dow indicated on the record that [Kellinger] should have been charged with "eluding," and that was part of the basis for the imposition of [the]

1

sentence." *Id.* ¶ 30. A Superior Court judge subsequently overturned the conviction for improper passing on the left. *Id.* ¶ 33. The Superior Court judge also determined that an incarceratory term was "unavailable as a form of punishment" for Kellinger's convictions. *Id.*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Kellinger attached to his sur-opposition brief a transcript of his trial and sentencing. *See* ECF No. 13-1. Because the Complaint is based on the events memorialized in the transcript, and because the transcript is a public record, the Court will consider the transcript for purposes of the instant motion.

Count I is a claim for false arrest / false imprisonment. Count II is a claim for malicious prosecution. Count III is a claim for due process / unlawful seizure. Count IV is a claim against Englewood only under *Monell v. Department of Social Services*, 436 U.S. 658, 694-95 (1978), alleging that Englewood failed to train and supervise Defendants, and that Defendants "acted pursuant to [Englewood's] unlawful practices, customs, policies and/or de facto policies." Compl. ¶ 53. Specifically, Count IV seeks relief based on a theory that Englewood has a policy of conducting arrests without probable cause and violating defendants' due process rights at trial. Count VI is a Section 1983 claim against both Defendants for cruel and unusual punishment. Kellinger maintains that he was subject to cruel and unusual punishment when Judge Dow sentenced him as if he had been convicted of eluding—a crime Kellinger was not charged with committing. Kellinger omitted to plead a "Count V." Englewood and Officer Gladstone move to dismiss the Complaint.

The Court begins with the claims against Officer Gladstone for false arrest / false imprisonment, malicious prosecution, and unlawful seizure (which the parties appear to equate with false arrest). The Supreme Court of New Jersey has held that "probable cause is an absolute defense to . . . false arrest, false imprisonment, and malicious prosecution claims." *Wildoner v. Borough of Ramsey*, 162 N.J. 375, 389 (2000). Englewood argues that "Plaintiff's conviction, which was affirmed on appeal, establishes probable cause as a matter of law." Defs.' Br. at 13. In New Jersey, "[p]robable cause is established conclusively by a conviction, even if reversed on appeal, so long as the conviction was not obtained by fraud, perjury or other corrupt means." *Freeman v. State*, 347 N.J. Super. 11, 26 (App. Div. 2002). Kellinger's conviction means there was

2

probable cause for his arrest and prosecution—unless Kellinger can demonstrate fraud, perjury, or corruption. Kellinger makes no argument that probable cause was absent because of fraud, perjury, or corruption. Accordingly, the Court will dismiss Counts I-III **WITH PREJUDICE**.

Next, the Court turns to Counts I-III against Englewood. Englewood maintains that Kellinger cannot state a claim under Counts I-III because there was probable cause for the arrest and the trial. For the reasons stated earlier, the Court will **DISMISS** Counts I-III against Englewood **WITH PREJUDICE**.

Next, the Court turns to Count IV, the Section 1983 claim against Englewood alleging a failure to train or supervise Officer Gladstone and Judge Dow. In *Monell*, the Supreme Court held that a plaintiff needs to establish "the existence of a policy or custom that has resulted in a constitutional violation in order to make a municipality liable under § 1983." *Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995). "A municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* (citing *Monell*, 436 U.S. at 691). Just because a municipality's employee is immune from suit under Section 1983, it does not follow that the municipality is also immune. *See Nevius v. New Jersey State Police*, No. 7-3180, 2009 WL 137340, *10 (D.N.J. Jan. 20, 2009) ("Municipalities do not enjoy immunity from suit, either qualified or absolute, under § 1983.") (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)).

In moving to dismiss Count IV, Englewood argues, based on the Court's prior decision, that no constitutional violation occurred in connection with Kellinger's trial and sentence. While the Court's prior decision recognized that Judge Dow enjoyed an absolute immunity from suit even if he committed a "grave procedural error[] involving due process," *Kellinger*, 2013 WL 3443002 at *3, the Court did not rule on whether Judge Dow had committed a constitutional violation. The stronger argument for dismissal is that Kellinger has failed to adequately plead that Englewood has a "policy or custom" of (1) arresting and trying people without probable cause, and/or (2) violating due process rights at trial. As explained earlier, there was no probable cause violation here. Furthermore, even if Kellinger's due process rights were violated by Judge Dow, there is no suggestion that Judge Dow acted on anything other than his own initiative. Because amending the Complaint would be an exercise in futility, the Court will **DISMISS** Count IV **WITH PREJUDICE**. *See In re NAHC Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (leave to replead properly denied on futility grounds).

As for Count VI, a Section 1983 claim alleging cruel and unusual punishment against Officer Gladstone and Englewood, Kellinger has again failed to state a claim upon which relief can be granted. With respect to Englewood, Kellinger's Section 1983 claim is deficient because he has come nowhere close to establishing that Englewood has a "policy or custom" of cruel and unusual punishment. With respect to Officer Gladstone, Kellinger's claims is deficient because he comes nowhere close to establishing that Officer Gladstone had any personal involvement in Kellinger's sentence. *See Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (individual liability under

Section 1983 requires "personal involvement"). Accordingly, the Court will **DISMISS** Count VI **WITH PREJUDICE**. *See In re NAHC*, 306 F.3d at 1332.

Finally, because Kellinger appears to concede that the Englewood Police Department does not have independent legal status, the Court will **DISMISS** all claims against the Englewood Police Department **WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 18, 2013**